BRADY, appellant, v. BRUNDAGE, sheriff, etc.

*Sheriff. Arrest and bail in civil action. Escape — re-arrest and surrender.*

Defendant, a sheriff, under an order of arrest in an action by plaintiff against G., arrested G. and took from him an undertaking signed by two sureties, who failed to justify upon being excepted to by plaintiff. G. escaped, and after judgment and executions returned unsatisfied, plaintiff brought an action for the escape. During the pendency of this action, defendant re-arrested G. and surrendered him in the county jail. *Held,* that defendant was exonerated from his liability upon paying the costs of the action.

APPEAL from an order of the special term exonerating the defendant, Robert F. Brundage, sheriff of Westchester county, from liability for the escape of a party arrested by him in a civil action. The essential facts appear in the opinion.

BARNARD, P. J. The plaintiff commenced an action against one John J. McGurk, in which she procured an order of arrest. The defendant, under this order, arrested McGurk, and took from him an undertaking signed by two sureties, who failed to justify on their being excepted to by plaintiff. No new arrest was made and no new undertaking was given. It seems that the sheriff might easily have arrested the defendant after the failure to justify by the sureties. McGurk fled to Texas, and remained there in concealment until after judgment was obtained against him, and after an execution against his property was returned unsatisfied, and one against his person that he could not be found. This action was commenced against the sheriff in February, 1873, and was put at issue in May last. While this action was pending and in September, 1873, the sheriff re-arrested McGurk, and surrendered him in the county jail of Westchester county ; and now makes this application to be exonerated from his liability. The court at special term exonerated him on his paying the costs of this action. The plaintiff appeals.

By the failure of the sureties to justify, the sheriff became himself "liable as bail." Code, § 201. He was entitled to the privileges of bail. *Buckman* v. *Comley,* 9 How. 180 ; *Sartos* v. *Merceques,* 9 id. 188. One of the privileges of bail is to exonerate himself within twenty days after suit, or within such further time as may be granted by the court, by surrendering the defendant in the order

Brady v. Brundage.

of arrest. Code, § 191. The object of the order of arrest was to procure the defendant personally to answer the execution in the action. This is accomplished. The plaintiff in this action is indemnified for his costs thus far. It would be a harsh rule, which would put on the sheriff an absolute liability to pay the judgment when the sureties fail to justify. The defendant is entitled to be bailed out day or night, and shall have reasonable opportunity to procure it before being committed to prison. Code, § 186. If the bail taken by the sheriff shall not justify, I see no reason why a larger liability should be imposed upon the sheriff than upon the bail if they had justified.

The order should be affirmed, with $10 costs.

*Order affirmed.*